LITTMANN v. DRY-DOCK, E. B. & B. R. CO.

(City Court of New York, General Term. November 27, 1893.)

STREET RAILWAYS—INJURIES TO PASSENGERS.

While defendant's open street car was standing still, plaintiff approached it from the rear, and, without signaling the conductor or driver, stepped on the side foot rail, just in front of the rear cross seat, when the car, without warning, started ahead; and as plaintiff "was going up on the step to see for a place," and within five seconds after he stepped on the rail, he was dashed against a truck, which he had seen as he approached the car, 15 feet in front thereof, and headed in the same direction. It was not shown that the driver or conductor saw either plaintiff or the truck. *Held*, that a nonsuit was proper.

Appeal from trial term.

Action by Leopold P. Littmann against the Dry-Dock, East Broadway & Battery Railroad Company for damages for personal injuries. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Abm. Gruber, for appellant.

John M. Scribner, for respondent.

VAN WYCK, J. The plaintiff, a man 42 years old, in good health, and, at the time of the accident, unincumbered, seeks to recover for personal injuries sustained by him while standing on the platform step running along the side and entire length of an open or summer car of defendant's Grand street line. He was the only witness who testified in regard to the circumstances of the accident, and, in substance, swore that while the car was standing still on Grand street, headed east, he approached it from the rear and south, and, without signaling either the conductor or driver, stepped upon the right-hand side foot rail, just ahead of the rear platform, and in front of the rear cross seat, when the car, without any warning, started ahead, and that as "he was going up on the step to see for a place," and within five seconds after he stepped upon the rail, his body came in contact with a red truck, which he had seen as he approached the car, and before boarding it, standing in the street between the southerly sidewalk and the car track, about 15 feet in advance of the car, and headed in the same direction. There was no evidence that the driver or conductor saw either the truck or the plaintiff, or perceived the danger, while it is in proof that the plaintiff saw the truck before he attempted to board the car; and, if he did not perceive the danger, how could it be expected that the driver or conductor could perceive the danger, without proof that they had seen the truck? And, if they were careless in not seeing it, the plaintiff was more careless in not avoiding the danger, after seeing the truck, by holding himself within the step rail line. The plaintiff was properly nonsuited. See the opinion of Earl, J., read for reversal in Moylan v. Railroad Co., 128 N. Y. 583, 27 N. E. Rep. 977. The judgment of nonsuit affirmed with costs. All concur.